# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF MONROE

---

**TASIA PANAGIOTATOS**
4 Popular Garden Lane, Apt. 2
Rochester, New York 14606,

Plaintiff,

Index No.:

v.

**SUMMONS**

**WALMART INC.**
c/o registered agent
28 Liberty Street
New York, New York 10005, and

**WAL-MART REAL ESTATE BUSINESS TRUST**
c/o registered agent
28 Liberty Street
New York, New York 10005,

Defendants.

---

**TO THE ABOVE-NAMED DEFENDANTS:**

You are hereby summoned and required to serve upon the plaintiff's attorney, at the address stated below, an answer to the plaintiff's Complaint. If the Summons was personally served upon you in the State of New York, the answer must be served within twenty (20) days after such service of the Summons, excluding the date of service. If the Summons was not personally delivered to you within the State of New York, the answer must be served within thirty (30) days after service of the Summons is complete as provided by law.

If you do not serve an answer for the attached Complaint within the applicable time limitations stated above, a judgment will be entered against you by default for the relief demanded in the Complaint without further notice to you.

The plaintiff designates Monroe County as the place of trial. The basis of venue is the plaintiff's residence and location of the alleged incident. This is an action in negligence.

Dated: Amherst, New York
July 25, 2024

Kenneth P.L. Lowe, Esq.
LAW OFFICES OF ROBERT D. BERKUN, LLC
*Attorneys for Plaintiff*
*Tasia Panagiotatos*
501 John James Audubon Parkway, Suite 300
Amherst, New York 14228
(716) 855-3255
klowe@robertberkun.com

STATE OF NEW YORK
SUPREME COURT : COUNTY OF MONROE

TASIA PANAGIOTATOS,

Plaintiff,

Index No.:

v.

**COMPLAINT**

WALMART INC., and
WAL-MART REAL ESTATE BUSINESS TRUST,

Defendants.

Plaintiff, TASIA PANAGIOTATOS ("Plaintiff"), by and through her attorneys, the Law Office of Robert D. Berkun, LLC, for her Complaint against the defendants, WALMART INC. ("Walmart") and WAL-MART REAL ESTATE BUSINESS TRUST ("Wal-Mart") (collectively, "Defendants"), herein alleges as follows:

1. That at all times herein mentioned Plaintiff was, and still is, a resident of the County of Monroe and State of New York.

2. That at all times herein mentioned the defendant, Walmart, was, and still is, a foreign business corporation organized under, and existing by virtue of, the laws of the State of Delaware.

3. That at all times herein relevant, Walmart owned real property in the State of New York.

4. That at all times herein relevant, Walmart transacted, conducted, and/or engaged in business in the State of New York.

5. That at all times herein mentioned the defendant, Wal-Mart, was, and still is, a foreign business entity organized under, and existing by virtue of, the laws of the State of Arkansas.

6. That at all times herein relevant, Wal-Mart owned real property in the State of New York.

7. That at all times herein relevant, Wal-Mart transacted, conducted, and/or engaged in business in the State of New York.

8. That Plaintiff sustained injuries within the entrance of the premises identified as Walmart (Facility # 2859), 2150 Chili Avenue, Rochester, New York 14624 ("Subject Premises").

9. That on October 31, 2021, while walking into the Subject Premises, within said entrance, between the automatic doors where shopping carts are stored, Plaintiff was caused to trip and fall due to an unsecured, raised, bunched, dilapidated, and/or negligently maintained rug therein, and thereby sustained severe injuries as hereinafter set forth, due to the negligence of the defendants herein ("Subject Incident").

10. That at all times herein mentioned, Defendants knew or should have known of the aforesaid dangerous condition(s).

11. That at all time herein mentioned, Defendants caused, created, permitted, and/or allowed the aforesaid dangerous condition(s) to remain for an extended period of time.

12. That Defendants negligently caused, created, permitted, and/or allowed said dangerous condition(s) to remain and failed to correct the condition(s).

13. That on the date of the Subject Incident, Defendants had actual, written, and/or constructive notice of the aforesaid dangerous condition(s).

14. That at all times herein mentioned Walmart owned the Subject Premises.

15. That at all times herein mentioned Walmart was the lessor of the Subject Premises.

16. That at all times herein mentioned Walmart was the lessee of the Subject Premises.

17. That at all times herein mentioned Walmart operated the Subject Premises.

18. That at all times herein mentioned Walmart managed the Subject Premises.

19. That at all times herein mentioned Walmart maintained the Subject Premises.

20. That at all times herein mentioned Walmart controlled the Subject Premises.

21. That at all times herein mentioned Wal-Mart owned the Subject Premises.

22. That at all times herein mentioned Wal-Mart was the lessor of the Subject Premises.

23. That at all times herein mentioned Wal-Mart was the lessee of the Subject Premises.

24. That at all times herein mentioned Wal-Mart operated the Subject Premises.

25. That at all times herein mentioned Wal-Mart managed the Subject Premises.

26. That at all times herein mentioned Wal-Mart maintained the Subject Premises.

27. That at all times herein mentioned Wal-Mart controlled the Subject Premises.

28. That Defendants through their acts and/or omissions, negligently, carelessly, inadequately, and/or improperly repaired/inspected and/or failed to repair/inspect the Subject Premises.

29. That Defendants negligently and/or carelessly owned, operated, managed, maintained, and/or controlled the Subject Premises.

30. That the defendants herein were at all times under a duty to keep the Subject Premises, specifically the aforesaid entrance, in a safe, proper, and secured manner, free from said dangerous condition(s).

31. That at all times herein mentioned Defendants, their agents, servants, and/or employees through their acts and/or omissions were careless, negligent, and/or reckless in the ownership, operation, and/or control of the Subject Premises and/or the aforesaid entrance; in causing, allowing and/or permitting the Subject Premises, specifically, the aforesaid entrance, to become and remain in the aforesaid dangerous condition(s), and being unmaintained, negligent,

and/or unsafe; in causing, allowing, and/or permitting the Subject Premises, specifically, the entrance, to be and remain in a hazardous condition(s); in failing to make proper, timely, and adequate inspection of the Subject Premises and/or the entrance; in the negligent and dangerous design, installation, maintenance, and/or management of the Subject Premises and/or the entrance; in failing to set up proper safeguards and/or barriers; in failing to warn persons lawfully traversing the area of the aforesaid dangerous and/or hazardous condition(s); in failing to have sufficient and adequate manpower; in failing to protect invitees and/or residents of the Subject Premises; in creating and/or allowing a nuisance or trap; in failing to provide and/or use proper equipment; in failing to provide adequate lighting on the Subject Premises, specifically, upon the aforesaid entrance; and in otherwise failing to use due care, caution, and prudence with regard to the Subject Premises and/or the aforesaid entrance.

32. Defendants were further negligent in hiring, screening, training, and/or supervising their employees, agents, representatives, and/or contractors.

33. That as a result of the foregoing, Plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief, will be compelled to do so in the future.

34. That the Subject Incident and the injuries sustained by Plaintiff were caused by the negligence, carelessness, and/or recklessness of the defendants herein.

35. That this action falls within one (1) or more of the exceptions or exclusion set forth in CPLR § 1601 and CPLR § 1602.

36. That by reason of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE:** Plaintiff, TASIA PANAGIOTATOS, demands judgment against Defendants on her cause(s) of action, in a sum that exceeds the jurisdictional limits of all lower Courts that may otherwise have jurisdiction over the subject of this matter, together with the costs and disbursements of this action; and for such other and further relief as this Court may deem just and proper.

Dated: Amherst, New York
July 25, 2024

Kenneth P.L. Lowe, Esq.
LAW OFFICES OF ROBERT D. BERKUN, LLC
*Attorneys for Plaintiff*
*Tasia Panagiotatos*
501 John James Audubon Parkway, Suite 300
Amherst, New York 14228
(716) 855-3255
klowe@robertberkun.com